

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:MEF/EMR/PP
F. #2023R00737

*610 Federal Plaza*
*Central Islip, New York 11722*

June 10, 2025

By ECF

The Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Michael S. Jeffries et al.
                 Criminal Docket No. 24-423 (NJC)

Dear Judge Choudhury:

      We write on behalf of the parties in the above captioned matter in response to the Court's May 13, 2025 request for a joint letter regarding the parties' position as to severance of defendants Matthew Smith and James Jacobson on the basis of any delay potentially caused by ongoing competency litigation as to defendant Michael Jeffries.

      As noted in prior joint status letters to the Court and discussed during the May 13, 2025 status conference (the "May Conference"), since this case was indicted in October 2024, the government produced more than 200 GB of discovery to the defendants. ECF Dkt. No.'s 41, 55 and 62. Additionally, the government produced a substantial amount of material pursuant to Title 18, United States Code, Section 3500 ("3500 Material"). These materials are presently being reviewed by the defendants and their counsel. Although the investigation remains ongoing, the government has produced the majority of Rule 16 discovery and 3500 Material in its possession.

      Concurrent to these discovery productions and review, Jeffries filed two applications in furtherance of a determination as to his current mental competency. See ECF Dkt. No.'s 50, 59. On May 2, 2025, this Court issued an order granting the second application, which requires that, pursuant to 18 U.S.C. § 4241(d), Jeffries "shall be committed to the custody of the Attorney General for a period not to exceed four (4) months to determine whether his competency may be restored." ECF Dkt. No. 63. At the May Conference, the government informed the Court that the Bureau of Prisons ("BOP") designated Jeffries to FMC-Butner in Butner, North Carolina. The BOP since informed the parties that Jeffries shall surrender to that facility on July 21, 2025, at which time the restoration assessment and if applicable, process, will begin.

At the May 13 Conference, counsel for all defendants informed that Court that they were still in the process of analyzing the discovery and 3500 Material. As such, independent of the timeline for a competency determination as to Jeffries, defendants Smith and Jacobson requested additional time to engage in that process, and further, to do so prior to setting a trial date. Thus, the Court excluded time between that date and August 14, 2025, "in the interest of justice under 18 U.S.C. § 3161(h)(7)(A) because it will permit all three defendants to review of voluminous discovery and 3500 material that has been recently produced." Separately, because the Speedy Trial Act provides for the automatic exclusion of time spent performing a competency determination, see 18 U.S.C. § 3161(h)(1)(A), and time excluded as to Jeffries on this basis is also excluded as to his codefendants, so long as it is reasonable and where no motion for severance has been granted, see 18 U.S.C. § 3161(h)(6), time was likewise excluded on an additional bases.

Here, the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," see Fed. R. Crim. P. 8(b), and as a result, joinder is proper. Moreover, there is a strong preference in the federal system for a joint trial of defendants indicted together, particularly when they are co-conspirators, as doing so promotes efficiency and fairness in the criminal justice system. See Zafiro v. United States, 506 U.S. 534, 537 (1993) (noting preference for joint trial in federal system); Richardson v. Marsh, 481 U.S. 200, 210 (1987) ("It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand . . . ."); United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983) (noting that severance requires a showing of "substantial" prejudice); United States v. Khmelnitski, No. 10-CR-459, 2012 WL 482022, at *2 (E.D.N.Y. Feb. 14, 2012) (citations omitted) (observing that co-conspirators should be tried together). Nonetheless, a delay of trial as to one defendant on account of competency litigation for a co-defendant should still be reasonable. See United States v. Gonzalez, 399 F. App'x 641, 644 (2d Cir. 2010) (concluding that exclusion premised on delays related to co-defendant were not unreasonable where counsel for defendant was reviewing discovery, consenting to exclusions, evaluating potential motions and did not move to sever).

To date, neither counsel for Smith nor Jacobson have made motions for a Speedy Trial or severance, and instead, they have asserted that they require additional time to review and analyze discovery. In light of the foregoing, all parties agree that, to date, there has been neither a delay nor prejudice to Smith and Jacobson as a result of the ongoing competency litigation. To the contrary, time has been properly excluded under the Speedy Trial Act under two independent bases, at the defendants' request and with the government's consent. Moreover, being that there is no pending motion for severance, neither Smith nor Jacobson can legally claim that any time excluded on the basis of Jeffries' pending competency application has caused an unreasonable delay. See United States v. Vasquez, 918 F.2d 329, 336-37 (2d Cir. 1990) (holding that codefendant must make severance motion before invoking reasonableness requirement of Speedy Trial Act); see also Gonzalez, 399 F.App'x at 644 ("The making of the motion is important to give notice of a defendant's claim of speedy trial prejudice and to avoid gamesmanship in agreeing to delays that are later challenged.).

At present, based on the ongoing need to review discovery and the government's substantial and early production of 3500 Material, the Jeffries' competency litigation has not actually created a delay, let alone an unreasonable one, and thus counsel for neither Smith nor Jacobson anticipates making a motion for severance. Moreover, although the parties agree that BOP's determination as to whether Jeffries' competency can be restored will directly impact the outcome of the case as to Jeffries and the timing of trial, they anticipate that the Court and the parties will have substantially more information, if not a final assessment, about Jeffries' competency in the coming months. As and when more information becomes available, the defendants can decide if they want to move for severance, and the parties and the Court can more accurately assess the duration of trial as well as a realistic date on which trial can proceed.

Based on the above, it is the parties' position that it will likely be appropriate to continue to exclude time under the Speedy Trial Act, pursuant to both 18 U.S.C. §§ 3161(h)(6) and 3161(h)(7)(A), through at least November 2025. Moreover, although the government and the public have a strong interest in the timely resolution of this matter, such interest is currently outweighed by the need for efficiency and must be considered in the context of the victims' compelling interest in not being required to testify as to the same facts at more than one trial. As such, the government agrees that there has been no unreasonable delay, and it does not presently anticipate either unreasonable delay or sufficient prejudice to merit severance. Given the developing nature of Jeffries' competency proceedings, however, the parties make this submission without waiving their right to change their position in the future and will regularly update the Court with information received from the BOP regarding Jeffries' competency.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/
Erin Reid
Megan E. Farrell
Philip Pilmar
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (NJC) (by ECF)
Brian Bieber, Esq. (by E-mail and ECF)
Joseph Nascimento, Esq. (by E-mail and ECF)
David Raben, Esq. (by E-mail and ECF)
Jeremy Schneider, Esq. (by E-mail and ECF)